1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RINIDAD RAMOS, an individual; DIANA RAMOS, an individual and ERIC L. RAMOS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>FUNDING RUSH, INC., a California Corporation; ANDREW ADRIAN DOLI, an individual, RALPH MARTINEZ, an individual; JAY TURNER, an individual; LENNAR TITLE, INC., a California Corporation; LIL' WAVE FINANCIAL, INC., a Nevada Corporation, doing business as SUPERIOR LOAN SERVICING; LEXINGTON; SPIROS CHENG, an individual RICHARD BARNES, an individual; KATHERINE HEFTMAN, an individual; SILICON PRIVATE CAPITAL, LLC; BETHANI DIOLI, an individual, All Persons Unknown, Claiming Any Right, Title, Estate, Lien or Interest in the Property, or Any Cloud on Title Thereto, and DOES 1- 50,<br><br>Defendants. | Case No. 1:23-cv-01016-NODJ-HBK<br><br>ORDER GRANTING MOTION TO WITHDRAW AS COUSNEL<br><br>(Doc. No. 76)<br><br>CLERK TO UPDATE DOCKET |

SILICON PRIVATE CAPITAL, LLC,

Cross-Complainant,

1

|   |   |
|---|---|
| 1 | v. |
| 2 | FUNDING RUSH, INC., a California Corporation; LEXINGTON; RYAN C. JONES; LIL' WAVE FINANCIAL, INC., a Nevada Corporation, doing business as SUPERIOR LOAN SERVICING; All Persons Unknown, Claiming Any Right, Title, Estate, Lien or Interest in the Property, or Any Cloud on Title Thereto, and ROES 1- 30, inclusive, |
| 3 |  |
| 4 |  |
| 5 |  |
| 6 |  |
| 7 | Cross-Defendants. |

Pending before the Court is the Motion to Withdraw as Counsel filed by Defendant/Cross Claimant Silicon Private Capital, LLC's ("Silicon") attorney of record on January 30, 2024. (Doc. No. 76, Motion).  Submitted in support, is a Memorandum and Declaration of Silicon's attorney of record, Jared C. Kapheim ("Counsel").  (Doc. Nos. 77, 78).  The Court deemed this matter suitable for decision without a hearing consistent with Local Rule 230(g).  (Doc. No. 82).

Counsel moves to withdraw from further representation of Silicon based on Silicon's instruction to "do nothing and stop working" on this matter.  (Doc. No. 78 at 2, ¶3).  On January 4, 2024, Counsel confirmed with Silicon by email the instruction "to stop all work and to cease billing," advised Silicon of his professional obligations, and provided Silicon with a substitution of record.  (Doc. No. 78 at 5).  Counsel received no further communication from Silicon.  (Doc. No. 78 at 2, ¶5).  A copy of the Motion was sent to Slone Fairchild, Agent for Process of Service for Silicon Private Capital, LLC.  (Doc. No. 76 at 5).  None of the parties of record, including Silicon, have filed an opposition to or otherwise responded to the Motion.  (*See* Docket).

Under Local Rule 182(d), "an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court."  Any motion seeking to withdraw must describe counsel's efforts to notify their client of their withdrawal and identify for the court their client's last known address.  (*Id.*).  Withdrawal is further governed by the Rules of Professional Conduct of the State Bar of California.  (*Id.*)  Those rules permit an attorney's withdrawal where it is "unreasonably difficult for the lawyer to carry out the representation effectively." Cal. Rules of

2

Professional Conduct, Rule 1.16(b)(4).  Indeed, "a lawyer…shall withdraw from the representation of a client if…the client discharges the lawyer." *Id.*, Rule 1.16(a)(4).

The decision to grant or deny a motion to withdraw as counsel is within the court's discretion. *Campbell v. Obayashi Corp.*, 424 F. App'x 657, 658 (9th Cir. 2011); *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998).  Determining whether to grant a withdrawal of counsel "involves a balancing of the equities," and the court should consider whether there is good cause for withdrawal, and how withdrawal will impact other litigants and the ultimate resolution of the case. *McClain v. Am. Credit Resol., Inc.*, 2020 WL 8619963, at *2 (E.D. Cal. Apr. 6, 2020).  If a client discharges counsel, withdrawal is "mandatory." *Nawabi v. Cates*, 2019 WL 4688693, at *2 (E.D. Cal. Sept. 26, 2019).

The Court finds good cause to grant Counsel's motion to withdraw.  This case was removed from Defendant Lexington Mortgage Corporation from the Fresno County Superior Court on July 5, 2023.  (Doc. No. 1).  Due to various procedural issues, the Court has not yet scheduled this matter for a case management and scheduling conference.  (See Doc. Nos. 68, 82). Thus, this case remains procedurally at the early stages of litigation.  Even if Silicon did not expressly discharge Counsel, an attorney cannot effectively represent a client when a client refuses to respond to his attorney seeking clarification.  Consequently, the Court will grant the motion and direct Silicon to have substitute counsel enter an appearance.[1]

Accordingly, it is ORDERED:

1. The Motion to Withdraw as Counsel filed by Defendant/ Cross Claimant Silicon Private Capital, LLC's attorney of record (Doc. No. 76) is GRANTED and Attorneys Jared C. Kapheim and Steven R. Stoker of Pascuzzi, Pascuzzi & Stoker are relieved as attorneys of record for Silicon Private Capital, LLC in this action.

---

[1] "It is a longstanding rule that corporations and other unincorporated associations must appear in court through an attorney." *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004) (internal quotations and citations omitted).

2. The Clerk shall remove Attorneys Jared C. Kapheim and Steven R. Stoker as attorneys of record for Silicon Private Capital, LLC from the docket.

3. Silicon Private Capital, LLC, within twenty-one (21) days of this Order, shall have new counsel enter an appearance.

4. The Clerk of Court is directed to update the docket to reflect that, until substitute counsel for Silicon Private Capital, LLC enters an appearance, all notices shall be served at the following address:

>Sloan Fairchild
>Agent for Process of Service for:
>Silicon Private Capital, LLC
>236 West Portal Avenue, Ste. 229
>San Francisco, CA 94127

5. The Clerk of Court is directed to mail a copy of this Order to Silicon Private Capital, LLC at the above address.

Dated:   March 6, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE