# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINIDAD RAMOS, an individual; DIANA RAMOS, an individual and ERIC L. RAMOS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>FUNDING RUSH, INC., a California Corporation; ANDREW ADRIAN DOLI, an individual, RALPH MARTINEZ, an individual; JAY TURNER, an individual; LENNAR TITLE, INC., a California Corporation; LIL' WAVE FINANCIAL, INC., a Nevada Corporation, doing business as SUPERIOR LOAN SERVICING; LEXINGTON; SPIROS CHENG, an individual RICHARD BARNES, an individual; KATHERINE HEFTMAN, an individual; SILICON PRIVATE CAPITAL, LLC; BETHANI DIOLI, an individual, All Persons Unknown, Claiming Any Right, Title, Estate, Lien or Interest in the Property, or Any Cloud on Title Thereto,<br><br>Defendants. | Case No. 1:23-cv-01016-KES-HBK<br><br>ORDER GRANTING MOTION FOR AMENDMENT OF PLEADINGS BY DEFENDANTS KATHERINE HEFTMAN AND RICHARD BARNES<br><br>(Doc. No. 113) |
| SILICON PRIVATE CAPITAL, LLC,<br><br>Cross-Complainant, | |

1

v.

FUNDING RUSH, INC., a California Corporation; LEXINGTON; RYAN C. JONES; LIL' WAVE FINANCIAL, INC., a Nevada Corporation, doing business as SUPERIOR LOAN SERVICING; All Persons Unknown, Claiming Any Right, Title, Estate, Lien or Interest in the Property, or Any Cloud on Title Thereto,

Cross-Defendants.

Pending before the Court is the Motion for Amendment of Pleadings filed by Defendants Katherine Heftman and Richard Barnes (together "Movants") on January 13, 2025. (Doc. No. 113, "Motion"). For the reasons explained herein, the Court grants the Motion.

## I.   BACKGROUND

On June 20, 2023, Plaintiffs filed a complaint in Fresno County Superior Court, alleging violations of the Truth in Lending Act and Real Estate Settlement Procedures Act as well as additional claims arising from the refinancing of their home. (Doc. No. 1 at 6-48). In addition to Movants, the complaint named as defendants Funding Rush, Inc.; Andrew Adrian Dioli; Ralph Martinez; Jay Turner; Lennar Title, Inc.; Lil' Wave Financial, Inc.; Superior Loan Servicing; Lexington Mortgage Company; Spiros Cheng; Silicon Private Capital, LLC; and Bethany Dioli. (*Id.* at 6). Lexington and Cheng removed the action to federal court on July 5, 2023. (*Id.* at 1-4).

After removal, proceedings in the case moved quickly. Plaintiffs filed a First Amended Complaint on July 10, 2023, against the same defendants, adding additional claims arising from the refinancing. (Doc. No. 21). Plaintiffs also sought and obtained a temporary restraining order, enjoining a foreclosure sale of their residence, and subsequently sought and obtained a preliminary injunction granting the same relief. (Doc. Nos. 7, 29, 34, 57).

Lennar Title filed a motion to dismiss on July 24, 2023.[1] (Doc. No. 32). On August 9,

---

[1] The motion remains pending.

2

1    2023, Silicon filed (1) an answer; (2) a counterclaim against Plaintiffs; and (3) a cross-claim

2    against Lexington, Martinez, Funding Rush, Jones, and Superior. (Doc. Nos. 48, 50, 51). Cheng,

3    Lexington, and Movants all filed answers to the First Amended Complaint. (Doc. Nos. 60, 61,

4    62). Plaintiffs answered Silicon's counterclaim on September 8, 2023. (Doc. No. 63). Silicon

5    filed a First Amended Cross-claim on September 20, 2023, adding Onpoint Appraisal Services,

6    Inc., as a cross-claim defendant. (Doc. No. 64).

7        After the filing of the initial motions and pleadings, there was little substantive movement

8    in the case. The undersigned held a scheduling conference on July 29, 2024, and entered a case

9    management scheduling order the next day. (Doc. Nos. 96, 97). Of relevance, the order set a

10   January 15, 2025 deadline to move to join a party or amend pleadings. (Doc. No. 97 at 3).

11       On October 21, 2024, Jones and Onpoint moved to dismiss Silicon's negligence cross-

12   claim against them. (Doc. No. 100). They argue Silicon's negligence claim is prohibited by *Bily*

13   *v. Arthur Young & Co.*, 3 Cal. 4th 370 (1992); Silicon failed to allege facts to support such a

14   claim; and any claim should be brought against their client rather than them. (*Id.* at 5-7). Silicon

15   filed an opposition, and Jones and Onpoint filed a reply. (Doc. Nos. 102, 104). To date, no

16   ruling has issued.

17       Representing their previous counsel died on May 24, 2024, Movants sought to substitute

18   new counsel on November 18, 2024. (Doc. No. 105). Movants, through their new counsel, now

19   seek to amend the pleadings to add their own counterclaims and cross-claims. The Movants

20   attached to the Motion a proposed Cross Complaint against Lexington, Martinez, Jones, Funding

21   Rush, and Superior,[2] alleging the following causes of action: (1) contribution and indemnity

22   against Martinez, Lexington, and Funding Rush; (2) breach of fiduciary duty against Funding

23   Rush and Lexington; (3) negligence against Jones; and (4) breach of fiduciary duty against

24   Superior. (*Id.* at 7-18). Additionally, Movants attached to their Motion a proposed Counterclaim

25   against Plaintiffs, alleging causes of action for: (1) breach of contract – fraud; (2) negligent

---

[2] The proposed Cross Complaint identifies Defendants Cheng, Turner, Onpoint, and Lil' Wave as Cross-Defendants but fails to include any claims against these Defendants.

1  misrepresentation; (3) intentional misrepresentation; (4) fraud; and (5) judicial foreclosure.  (*Id.* at
2  20-36).

3       Plaintiffs filed their opposition to the Motion on January 27, 2025.  (Doc. No. 114).  The
4  following day, Movants' counsel filed a declaration concerning his attempts to meet and confer
5  with opposing counsel regarding the proposed amendments.  (Doc. No. 115).  Of relevance, the
6  declaration details discussions with counsel for Jones and Onpoint regarding *Bily* and an "offer to
7  amend [Movants'] Third Cause of action of their proposed cross complaint" to a claim of
8  negligent misrepresentation.  (*Id.* at 2-3, 7-8).

9       On February 5, 2025, Movants filed a reply in support of the Motion.  (Doc. No. 117).
10 The next day, Jones filed an opposition to the Motion.  (Doc. No. 118).  Movants filed a reply on
11 February 14, 2025.  (Doc. No. 119).

12 **II.    APPLICABLE LAW AND ANALYSIS**

13 **A.  Legal Standard**

14       Under Rule 15, a party "may amend its filing once as a matter of course" within a certain
15 period.  Fed. R. Civ. P. 15(a)(1).  For subsequent amendments, "a party may amend its pleading
16 only with the opposing party's written consent or the court's leave. The court should freely give
17 leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  A court should deny amendment only
18 if it would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue
19 delay.  *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989); *DCD*
20 *Programs, Ltd. V. Leighton*, 833 F.2d 183, 185-87 (9th Cir. 1987).

21       However, after a court enters a case management scheduling order pursuant to Federal
22 Rule of Civil Procedure 16, that rule's standards control.  *See Johnson v. Mammoth Recreations,*
23 *Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) (evaluating under Rule 16 motion for leave to amend
24 filed after issuance of pretrial scheduling order).  Rule 16 provides in relevant part:

25       (b) [The district court] ... shall, after consulting with the attorneys
26       for the parties and any unrepresented parties, by a scheduling conference, ... enter a scheduling order that limits the time

27       (1) to join other parties and to amend the pleadings;

28       (2) to file and hear motions; and

4

>     (3) to complete discovery.
>
>     ....
>
>     The order shall issue as soon as practicable but in no event more than 120 days after filing of the complaint. A schedule shall not be modified except by leave of . . . [the district court] upon a showing of good cause.

Fed. R. Civ. P. 16(b).  Once a scheduling order is issued, the ability to amend the pleadings is governed by Rule 16(b), not Rule 15(a). *See Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (party seeking to amend pleading after date specified in scheduling order must first show "good cause" for amendment under Rule 16(b), then, if "good cause" be shown, the party must demonstrate that amendment was proper under Rule 15); *see also Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989) (same).

**B. Analysis**

Movants request to add the counterclaims and cross-claims "to make sure proper justice is meted out in this action and their interests are protected as best as the law allows." (Doc. No. 113 at 2).  Besides this assertion, Movants include text from the relevant Federal Rules of Civil Procedure and cite *Foman v. Davis*, 371 U.S. 178, 182 (1962) for the factors that must be present before denying leave to amend the pleadings under Rule 15, but do little to address these factors with respect to the instant case. (*See id.* at 2-5).  Only Plaintiffs and Jones filed oppositions to the Motion.  The Court addresses the parties' requests for judicial notice, then Plaintiffs' arguments directed at the proposed Counterclaim, and finally Jones's opposition to the prosposed Cross Complaint.

**1. Requests for Judicial Notice**

As an initial matter, Movants and Plaintiffs both request that the Court take judicial notice of various documents.  (Doc. Nos. 114-2, 117-1, 119-1).  Importantly, these documents include the docket report in this action and other filings in this case.  (*See* Doc. Nos. 114-2, 117-1, 119-1). While "a court may take judicial notice of its own records in *other* cases, as well as the records of an inferior court in *other* cases," *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (emphasis added), the Court knows of no authority establishing that it must take judicial notice of

1  the record in the instant case to be able to consider such.  Accordingly, the requests for judicial
2  notice are unnecessary.
3       **2. Counterclaim**
4       Plaintiffs argue the Motion "fails to meet the standard for leave to amend because it is
5  untimely, prejudicial to Plaintiff and futile." (Doc. No. 114 at 2).  Plaintiffs first assert the
6  Movants "have not provided a notice setting forth with particularity the ground of the amendment
7  and the relief requested as required by the Federal Rules of Civil Procudure, Rule 7(b)(1)" and
8  "failed to provide a motion containing a prayer for relief or a proposed order regarding the same."
9  (*Id.* at 3).  Next, Plaintiffs argue "Defendant have not shown good cause for their delay in seeking
10 to amend," which was not filed until over a year and six months after the intial complaint was
11 filed. (*Id.* at 3-4).  Third, Plaintiffs argue allowing the amendment would significantly prejudice
12 them because it "would further prolong and potentially delay the case by introducing new claims
13 and defenses that require substantial time and resources to address" and force Plaintiffs "to
14 expend unnecessary time and resources responding to new claims that were unpled by Defendants
15 at an earlier stage in the proceedings." (*Id.* at 4-5).  Finally, Plaintiffs assert Movants are acting
16 in bad faith and their "motion is part of a strategy to delay the proceedings and harass Plaintiffs."
17 (*Id.* at 5).
18      Movants reply that Plaintiffs bear the burden of showing amendment should not be
19 allowed and they have failed to meet this burden. (Doc. No. 117 at 5).  Movants assert the
20 Motion was timely because it was filed before the January 15, 2025 amendment deadline set by
21 the Court; the majority of the delay was due to the death of their former counsel and the Motion
22 was filed only one and a half months after their new counsel became involved in the case; the
23 Motion provided sufficient notice of the grounds for amendment and relief sought; and there
24 would be no prejudice to Plaintiffs because the claims "are essentially the same as filed by the
25 similarly situated Lender Silicon" and plenty of time remains to conduct discovery. (*Id.* at 5-9).
26      All Plaintiffs' arguments against amendment are unavailing.  The Motion clearly states the
27 relief sought and the grounds for seeking such relief.  While Plaintiffs are certainly correct that
28 there was a delay between the filing of this action and Movants' request to amend, such does not

render the Motion untimely.  Movants filed the Motion before the deadline to seek amendment set forth in the scheduling order such that they are not required to show good cause because they are not seeking to modify the scheduling order.  Despite their assertions of potential prejudice, Plaintiffs fail to recognize that the claims contained in the proposed Counterclaim are nearly identical to those contained within Silicon's Counterclaim, such that it is unclear how defending these "new" claims would prejudice them.  (*Compare* Doc. No. 113 at 25-31 *with* Doc. No. 50 at 5-10).  Further, the parties' March 20, 2025 status report indicates little to no discovery has occurred such that it is unlikely any prejudice will result from the amendment.  (*See* Doc. No. 121 at 2 (indicating "Plaintiffs intend on propounding" written discovery and "plan to depose" individuals later this summer)).  To the extent Plaintiffs point to the delay in seeking to amend as an indication of bad faith, Movants have adequately explained the delay by pointing to the death of their former counsel and the relatively quick request to amend once new counsel appeared.

Based on the liberal standard for allowing amendment under Rule 15, amendment to allow the Counterclaim is warranted.

**3. Cross Complaint**

As to the Cross Complaint, Jones argues the Motion is untimely and futile.  (Doc. No. 118 at 2).  Specifically, Jones argues (1) the negligence claim in the Proposed Cross Complaint fails under *Bily* and any negligence claim should have been brought against Jones's client, FMC Lending; (2) Movants' attempt to amend the Proposed Cross Complaint to instead include a claim of negligent misrepresentation was untimely since it was not filed until February 5, 2025; (3) amendment to allow a claim of negligent misrepresentation would be futile because Movants cannot prove the requisite elements of such a claim; and (4) amendment to include the new allegation of negligent misrepresentation would prejudice Jones.  (*Id.* at 5-8).

Movants reply that Jones' opposition is untimely such that it should not be considered.  (Doc. No. 119 at 2-3).  To the extent Jones's arguments rely on what "can or can't be proven at trial," Movants assert that what Jones knew or did not know regarding the transaction are issues for discovery, not considerations in whether they can assert a claim against him.  (*Id.* at 6).

7

Here, the proposed Cross Complaint contains a negligence claim against Jones, not a negligent misrepresentation claim. (*See* Third Cause of Action, Doc. No. 113 at 15). To the extent Movants now seek to amend the proposed Cross Complaint, they have failed to file an amended motion, and the request is not properly before the Court. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); *see also Wilson v. Huuuge, Inc.*, 944 F.3d 1212, 1219-20 (9th Cir. 2019) (finding discovery request raised "in a two-line footnote in a reply brief" was insufficiently raised to the district court). Thus, the Court only addresses whether allowing the filing of the original proposed Cross Complaint filed with the Motion is appropriate.

As discussed above in relation to the Counterclaim, Movants timely filed their request before the deadline set in the scheduling order. Jones failed to timely file his opposition such that the Court construes the motion as unopposed. *See* Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."). Further, Movants did not act in bad faith in brining the motion, there is no undue delay, and Jones will not be prejudiced as he is already defending against a similar claim by Silicon. (*Compare* Doc. No. 113 at 15-16 *with* Doc. No. 51 at 15-16). As to futility, Jones's arguments concerning whether a negligence claim can be properly asserted against him are currently pending before the district court with respect to Silicon's claims. Thus, it is not clear at this time that amendment would be futile.³

In these circumstances, amendment to allow the Cross Complaint is also warranted.

Accordingly, it is **ORDERED**:

1) The parties' requests for judicial notice (Doc. Nos. 114-2, 117-1, 119-1) are **DENIED as moot**.

2) Movant's Motion for Amendment of Pleadings (Doc. No. 113) is **GRANTED**.

3) Within three (3) days of this Order, Movants shall file both the proposed Cross Complaint and proposed Counterclaim.

---

³ The district court's ruling on Jones's motion to dismiss Silicon's cross-claim will likely control whether Movants can proceed on their negligence claim against Jones.

8

Dated:    March 27, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE