1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRINIDAD RAMOS, an individual; DIANA RAMOS, an individual and ERIC L. RAMOS, an individual,<br><br>               Plaintiffs,<br><br>v.<br><br>FUNDING RUSH, INC., a California Corporation; ANDREW ADRIAN DOLI, an individual, RALPH MARTINEZ, an individual; JAY TURNER, an individual; LENNAR TITLE, INC., a California Corporation; LIL' WAVE FINANCIAL, INC., a Nevada Corporation, doing business as SUPERIOR LOAN SERVICING; LEXINGTON; SPIROS CHENG, an individual RICHARD BARNES, an individual; KATHERINE HEFTMAN, an individual; SILICON PRIVATE CAPITAL, LLC; BETHANI DIOLI, an individual, All Persons Unknown, Claiming Any Right, Title, Estate, Lien or Interest in the Property, or Any Cloud on Title Thereto,<br><br>               Defendants.<br>_____<br>SILICON PRIVATE CAPITAL, LLC,<br><br>               Cross-Complainant, | Case No.  1:23-cv-01016-KES-HBK<br><br>ORDER DISREGARDING STIPULATION PURSUANT TO FED. R. CIV. P. 41<br><br>(Doc. No. 132) |

1

1    v.

2    FUNDING RUSH, INC., a California
     Corporation; LEXINGTON; RYAN C. JONES;
3    LIL' WAVE FINANCIAL, INC., a Nevada
     Corporation, doing business as SUPERIOR
4    LOAN SERVICING; All Persons Unknown,
     Claiming Any Right, Title, Estate, Lien or
5    Interest in the Property, or Any Cloud on Title
     Thereto,
6
7                    Cross-Defendants.
8
9

10         On March 30, 2025, after obtaining leave of Court, Defendants Katherine Heftman and

11   Richard Barnes ( hereinafter "Crossclaim Plaintiffs") filed an amended answer that contained

12   crossclaims against multiple parties, including, but not limited to, Onpoint Appraisal Services,

13   Inc. and Ryan C. Jones ( hereinafter "Crossclaim Defendants").  (Doc. No. 124).  On August 26,

14   2025, Crossclaim Plaintiffs and Crossclaim Defendants "stipulate[d] under Federal Rule of Civil

15   Procedure 41(a)(1)(A)(ii) that the third party complaint be dismissed without prejudice as to all

16   claims, causes of action, and to these parties, with each party bearing that party's own attorney's

17   fees and costs."  (Doc. No. 132).  The filing is signed by counsel for Crossclaim Plaintiffs and

18   Crossclaim Defendants only.  (*Id.* at 2-3).

19         Here, the parties intend to dismiss the claims between them, but the filing does not comply

20   with the applicable procedural rule and thus is invalid.  Specifically, Federal Rule of Civil

21   Procedure 41(a)(1)(A)(ii) requires that a stipulation of dismissal be signed "by all parties who

22   have *appeared*," not just by the parties who are impacted by the stipulation.  "As the express

23   language of this  rule indicates, for a dismissal under  Rule 41(a)(1)(ii) to be effective, all parties

24   *who have appeared  must sign the stipulation.*"  *Aswad v. ACA Receivables, L.L.C.*, No. CIV F

25   06-0835 AWI LJO, 2007 WL 427591, at *1 (E.D. Cal. Feb. 7, 2007) (emphasis added); *see*

26   *also Thacker v. AT&T Corp.*, No. 2:20-cv-00255 KJM CKD (PS), 2021 WL 1784873, at *1 (E.D.

27   Cal. May 5, 2021), report and recommendation adopted, No. 2:20-cv-0255 KJM CKD (PS), 2021

28   WL 4168533 (E.D. Cal. Sept. 14, 2021)  See also *City of Jacksonville v. Jacksonville Hosp.*

1   *Holdings, L.P.*, 82 F.4th 1031, 1034 (11th Cir. 2023) (analyzing whether Rule 41(a)(1)(A)(ii)

2   dismissal in a multi-defendant/party requires signatures by all parties who have appeared or

3   signatures of only those parties involved and holding Rule requires signature of all parties who

4   have appeared and finding previous dismissals ineffective).

5        Additionally, the Court notes that dismissal of the claims between Crossclaim Plaintiffs

6   and Crossclaim Defendants will not end *any* parties' involvement in this action.  At a minimum,

7   Plaintiffs' claims against Crossclaim Plaintiffs remain and Crossclaim Defendants are named as

8   defendants in Defendant Silicon Private Capital's Second Amended Crossclaim filed August 8,

9   2025.  (*See* Doc. Nos. 21, 130).  Thus, a dismissal of the claims between Crossclaim Plaintiffs

10  and Crossclaim Defendants will not amount to a dismissal of *all claims* asserted by Crossclaim

11  Plaintiffs in their crossclaim given additional parties are named as crossclaim defendants.  (*See*

12  Doc. No. 124 at 18-27).   And Rule 41(a) applies only to the dismissal of an entire action—not to

13  particular claims.  *Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 720 (9th Cir. 2010); see also *In re*

14  *Esteva*, 60 F.4th 664, 675 (11th Cir. 2023) (collecting cases).

15       In contrast, Rule 41(c) allows a counterclaimant to voluntarily dismiss "any

16  counterclaim, crossclaim, or third-party claim" pursuant to Rule 41(a)(1)(A)(i)."  *Edge Sys. LLC*

17  *v. Ageless Serums LLC*, No. 2:20-cv-09669-FLA (PVCX), 2022 WL 22877064, at *2 (C.D. Cal.

18  Apr. 15, 2022).  Specifically, Rule 41(c) provides that the "rule applies to a dismissal of any

19  counterclaim, crossclaim, or third-party claim. A claimant's voluntary dismissal under Rule

20  41(a)(1)(A)(i) must be made: (1) before a responsive pleading is served; or (2) if there is no

21  responsive pleading, before evidence is introduced at a hearing or trial."  *Dep't of Educ., Hawai'i*

22  *v. C.B. ex rel. Donna B.*, No. CIV. 11-00576 SOM, 2012 WL 1081073, at *3 (D. Haw. Mar. 29,

23  2012).

24       Alternatively, a party may also dismiss an action by filing a motion requesting the Court

25  to dismiss the action . Fed. R. Civ. P. 41(a)(2).  A motion brought under this Rule is addressed to

26  the sound discretion of the district court.  *Hamilton v. Firestone Tire & Rubber Co. Inc.*, 679 F.2d

27  143, 145 (9th Cir. 1982).

28       ////

1       Accordingly, it is ORDERED:

2     1.  The parties' stipulation of dismissal (Doc. No. 132) is **DISREGARDED**.

3     2.  The Crossclaim Defendants may elect to refile a notice or motion that complies with

4        Rule 41.  Any such notice or motion should specifically identify, with citations to the

5        relevant docket number, the specific claims and parties impacted.

Dated:   September 9, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4